### FLORIDA REAL ESTATE COMM. et al v. O'BRIEN, et al.

Real Estate Commission.

October 31, 1955.

G. C. Kenyon, General Counsel, and Robert. W. Lee, both of Orlando, for the commission.

Dillon Hartridge, Jacksonville, for defendants.

Chairman J. E. HOLLENBECK, Sr. and commissioners MORRISON I. TAYLOR and WALTER S. HARDIN participated in the hearings and disposition of the case.

BY THE COMMISSION.

This proceeding came on for consideration of final order upon the examiner's report and oral argument of counsel for the parties.

The defendant Hope O'Brien ("Mrs. O'Brien" hereafter) was duly registered as a real estate broker d/b/a Hope O'Brien Real Estate. The other defendant, J. Mike O'Brien ("O'Brien" hereafter) was duly registered as a salesman in Mrs. O'Brien's employ at all times hereinafter stated.

We find that the allegations against Mrs. O'Brien have not been substantially proved and that the charges against her should therefore be dismissed.

In February 1950 H. J. Pound listed certain properties with Mrs. O'Brien for sale. Thereafter O'Brien negotiated a lease for Pound's property located at 570 Nixon St. in Jacksonville to Bailes-Sey

Contractors for one year at $105 per month. It was agreed between O'Brien and Pound that Mrs. O'Brien would collect the monthly rent and deduct and retain $5 monthly as a commission. Pound instructed O'Brien to pay the $100 monthly balance to the Independent Life Insurance Co. These instructions were verified by O'Brien when he testified that Pound requested him to collect the rents and turn over the net rents to the insurance company.

The lessee made nine monthly rent payments of $105 each. The rent checks were delivered to O'Brien and made payable to Mrs. O'Brien. O'Brien endorsed and cashed the nine checks. Pound received the proceeds from the February and March, 1950, rents in the amount of $200—a commission of $10 was deducted from the total of $210 collected. After learning that O'Brien was $300 in arrears in payments to the insurance company (for Pound's credit), Mrs. O'Brien paid $300 to the company. After making this payment, she collected the next month's rent.

Mrs. O'Brien accounted for $500 of $900 rent collected from the lessee, but was unable to account for the balance of $400. O'Brien, having endorsed and cashed the checks received in the name of Mrs. O'Brien, was unable to offer any documentary proof that he had paid over to Pound the balance of $400, nor did he submit any corroborative proof that he paid $400 or any other sum to Pound in cash. He testified that the reason Pound wanted to be paid in cash was because his bank account had been garnished and he was afraid to accept checks for any purpose. He testified he paid Pound $100 in a Mr. Dineen's office, who is now deceased, and that he paid Pound $100 at a time on two or three other occasions. The matter was settled on or about December 18, 1954 when O'Brien paid in full the balance of $400 he had previously acknowledged being due Pound.

We therefore find that O'Brien failed to keep his employing broker fully advised at all times on the developments in a real estate transaction handled under the name of his employing broker, that he was unable to successfully explain or substantiate by a preponderance of the evidence that he had not converted to his own use the sum of $400, or a portion thereof, which had been collected in the name of Mrs. O'Brien in the form of checks, and cashed by him under the authorization of his employing broker, but without her knowledge.

It is therefore ordered—(1) that the cause against Hope O'Brien is dismissed, and (2) that the registration of the defendant J. Mike O'Brien, is suspended for a period of 30 days, the period of suspension to run from the effective date of this order.